```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF Florida
                   TAMPA DIVISION
```

**DENISE BARABAS,**

    Plaintiff,

vs.                                              **Case No. 8:04-CV-2094-T-EAJ**

**JO ANNE B. BARNHART,**
**Commissioner of**
**Social Security,**

    Defendant.

_____/

**<u>FINAL ORDER</u>**

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, 42 U.S.C. §§ 405(g) and 1383(c)(3) (1994), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying claims for disability insurance benefits ("DIB") and supplemental security income ("SSI") under the Act.[1]

The undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the exhibits filed and the administrative record, and the pleadings and memoranda submitted by the parties in this case.

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge. (Dkt. 14)

substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). If there is substantial evidence to support the Commissioner's findings, this court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979).

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard. Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993) (citation omitted). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then a remand to the Commissioner for clarification is required. Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

**I.**

On April 9, 2002, Plaintiff filed an application for benefits alleging an onset of disability beginning December 1, 2001, due to lupus, fibromyalgia, headaches, depression, and anxiety. (T 57, 103) Thirty-seven years old at the time of the ALJ's decision, Plaintiff has a high school degree, three years of college with an associates degree in liberal arts and

2

sciences, and past relevant work experience as a receptionist, hotel clerk, and bank teller. (T 14, 293)

Plaintiff's application was denied initially and on reconsideration. (T 32-39) A hearing was held before the ALJ on December 1, 2003. (T 13) On February 20, 2004, the ALJ issued an order and found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of December 1, 2001. (T 20) He found Plaintiff's lupus, fibromyalgia, obesity, and anxiety disorder were severe impairments, but did not meet or equal any impairment listed in the Listing of Impairments. (T 16, 20) In determining Plaintiff's residual functional capacity ("RFC") the ALJ discredited Plaintiff's treating physician's conclusion that Plaintiff had a limited functional capacity. (T 17) The ALJ relied instead on Plaintiff's testimony that medication helped relieve some of her pain and determined that Plaintiff has the RFC to perform a limited range of sedentary work.[2] (T 17) The ALJ then determined that Plaintiff could not perform any of her past relevant work. (T 18)

---

[2] The ALJ found as follows:
> Specifically, the claimant must have a sit/stand option with the option to walk up to 10 feet from her workstation. Also, she can occasionally climb, balance, stoop, crouch, kneel, and crawl. Further, the claimant must avoid concentrated exposure to humidity, heat, and cold. Moreover, the claimant cannot concentrate for more than one hour at a time. Finally, the claimant can tolerate minimum stress.

(T 17)

The ALJ credited the testimony of a vocational expert ("VE") and concluded that Plaintiff's age, educational background, work experience, and RFC enabled her to make vocational adjustments and find work that exists in significant numbers in the national economy, such as a medical supply assembler, a surveillance system monitor, or a charge account clerk. (T 19) Consequently, the ALJ held that Plaintiff was not disabled and denied Plaintiff's claim for disability benefits. (T 19-20)

On August 5, 2004, the Appeals Council denied Plaintiff's request for review. (T 4-8) Accordingly, the Appeals Council allowed the ALJ's decision to stand. (T 4)

Plaintiff argues that the Commissioner erred by (1) failing to fully consider all of Plaintiff's severe impairments, specifically her depression; (2) failing to present a comprehensive hypothetical to the VE; and (3) failing to give full and adequate credit to the medical sources in the record. (Dkt. 20 at 2) These arguments will be addressed, although not necessarily in the order presented.

The medical evidence has been summarized in the decision of the ALJ and will not be repeated here except as necessary to address the issues presented.

**II.**

**A.** Plaintiff contends that the ALJ failed to fully and adequately consider all of her severe impairments and their

4

effect on her ability to perform in the workplace. (Dkt. 20 at 2) Specifically, Plaintiff alleges the ALJ made no findings as to the severity of Plaintiff's depression. (Dkt. 20 at 6) Plaintiff also alleges the ALJ did not adequately address the limitations of her hands, fingers and arms. (Dkt. 20 at 6)

The ALJ found that Plaintiff's lupus, fibromyalgia, obesity, and anxiety disorder were severe, but not severe enough to meet or medically equal a listed impairment. (T 20) Regarding Plaintiff's depression, the ALJ observed that, according to a consultative psychological evaluation, Plaintiff suffered from "major depression, recurrent, moderate to severe." (T 16) Concerning the limitations with Plaintiff's hands, arms, and fingers, on November 11, 2002, the ALJ noted that state agency physicians determined Plaintiff was limited to frequent use of both extremities due to hand inflamation. (T 16) On January 13, 2003, Plaintiff's treating physician, F. Zaidi, M.D. ("Dr. Zaidi"), concluded that Plaintiff was limited to 30 percent use of her hands, fingers, and arms for grasping, fine manipulations, and reaching. (T 245, 250-51) He also stated that her impairments were likely to produce both "good days" and "bad days" and she would be absent from work about three to four times a month on the average. (T 245, 252)

The ALJ must consider each alleged impairment and "state the weight accorded [to] each item of impairment evidence and the

5

reasons for his decisions on such evidence." Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986). The failure to comply with these requirements results in a remand. Id.

The ALJ made no specific findings concerning Plaintiff's depression. Thus, the record is unclear as to whether Plaintiff's depression is severe, and if so what residual functional capacity limitations are supported by the evidence.[3] Similarly, despite that the ALJ noted Dr. Zaidi's conclusions concerning Plaintiff's limitations with her hands, arms, and fingers, the ALJ's decision contains no specific findings related to these alleged limitations even though the ALJ also noted that the state agency physicians limited Plaintiff to frequent use of both extremities due to hand inflammation. It is noted that none of the three hypothetical questions propounded to the vocational expert indicated any restrictions on Plaintiff's ability to use her upper extremities. (T 307-309) Without such findings, this Court cannot determine if the ALJ's decision is supported by substantial evidence. Accordingly, remand is warranted for the Commissioner to make specific findings on these issues, citing to specific evidence in the record.

---

[3] The ALJ found that Plaintiff's severe impairments included anxiety but did not specify any other mental impairments. (T 17) However, the ALJ specified that Plaintiff was limited to work involving "minimal stress" and had an inability to concentrate more than one hour at a time followed by five minutes of reduced concentration. (T 307) It is not clear what medical evidence supported these restrictions.

6

**B.** Additionally, Plaintiff argues that the ALJ failed to give full and adequate credit to the opinions of Dr. Zaidi, Plaintiff's treating physician. (Dkt. 20 at 15) Plaintiff alleges the ALJ devalued Dr. Zaidi's testimony without providing sufficient evidence to justify such a conclusion. (Dkt. 20 at 16)

The ALJ reviewed the records and opinions rendered by Dr. Zaidi. (T 15-16) Dr. Zaidi concluded that Plaintiff has a limited functional capacity due to her chronic pain. (T 240-53) As stated previously, Dr. Zaidi estimated Plaintiff would require three to four absences per month from work due to her impairments. (T 245, 252) The ALJ gave Dr. Zaidi's medical opinion "great, but not controlling weight." (T 16) The ALJ gave "credit to the claimant's physical limitations but not to the estimation of the number of absences from work." (T 16) In discussing Dr. Zaidi's report of restrictions for considering Plaintiff's RFC, the ALJ gave them "some, but not great weight because other substantial evidence contradicts [Dr. Zaidi's] statements." (T 17)

When considering a treating physician's testimony, the ALJ must ordinarily give substantial or considerable weight to such testimony unless good cause is shown to the contrary. Broughton v. Heckler, 776 F.2d 960, 961 (11th Cir. 1985) (citations omitted); see also 20 C.F.R. § 404.1527(d)(2). Good cause for

7

rejecting a treating source's opinion may be found where such opinion is not supported by the evidence or where the evidence supports a contrary finding. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); Schnorr v. Bowen, 816 F.2d 578, 582 (11th Cir. 1987). Additionally, good cause may be found where the doctor's opinions are conclusory or internally inconsistent. Jones v. Dep't of Heath and Human Serv., 941 F.2d 1529, 1532 (11th Cir. 1991); Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991).

In this circuit, where the Commissioner has ignored or failed properly to refute the treating physician's testimony, such testimony, as a matter of law, must be accepted as true. MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986). Such a preference is given to these treating sources because such sources are likely to be best situated to provide a detailed and longitudinal picture of the medical impairments. Lewis, 125 F.3d at 1440. Importantly, the ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error. Id. (citing MacGregor, 786 F.2d at 1053).

The ALJ did not clearly articulate his reasons for giving Dr. Zaidi's opinion less weight. While the ALJ stated that other substantial evidence contradicted Dr. Zaidi's conclusions, the ALJ did not specify what evidence contradicted the treating

8

physician's conclusions.  Accordingly, remand is also warranted for the Commissioner to specifically state why Dr. Zaidi's medical findings were entitled to less deference, citing specific evidence in support of this finding.

**C.**  Finally, Plaintiff argues that the ALJ utilized a flawed hypothetical in questioning the vocational expert to determine Plaintiff's RFC.  However, because remand is warranted to address both of Plaintiff's other arguments, it is unnecessary for this court to address this argument at this time as the findings at the prior steps of the sequential analysis could change on remand.  See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986).

Accordingly and upon consideration, it is **ORDERED** and **ADJUDGED** that:

(1) the decision of the Commissioner denying benefits is **REVERSED**; and this case be remanded for further administrative proceedings consistent with the foregoing discussion; and

(2) the Clerk of Court enter final judgment pursuant to 42 U.S.C. § 405(g) and direct this case be closed as this is a "sentence four remand."  See Shalala v. Schaefer, 590 U.S.

9

292, 303-04 (1993); <u>Newsome v. Shalala</u>, 8 F.3d 775, 779-80 (11th Cir. 1993).

**DONE AND ORDERED** in Tampa, Florida on this 28nd day of November, 2005.

/s/ Elizabeth A. Jenkins
ELIZABETH A JENKINS
United States Magistrate Judge